UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
AGRICULTURAL LOGISTICS LLC,

                    Plaintiff,

                    **REPORT AND RECOMMENDATION**
                    22-CV-00873 (MKB) (JMW)

               -against-

SURVIVAL TRANSPORTATION INC.
and HECTOR WENCY SEGARRA RIVERA,

               Defendants.
----------------------------------------------------------------------X

**A P P E A R A N C E S:**

Jennifer Hurley McGay, Esq.
**Lewis Johs Avallone Aviles, LLP**
1377 Motor Parkway, Suite 400
Islandia, NY 11749
*Attorney for Plaintiff*

*No appearance by Defendants*

**WICKS,** Magistrate Judge:

      On December 9, 2022, Plaintiff Agricultural Logistics LLC filed a motion for default judgment against Defendants Survival Transportation Inc. and Hector Wency Segarra Rivera. (DE 19.) On December 14, 2022, that motion was referred to the undersigned by the Hon. Margo K. Brodie for a Report and Recommendation. (Electronic Order dated Dec. 14, 2022.) Because of the deficiencies in the filing, it is respectfully recommended that the motion be denied, with leave to renew with appropriate documentation consistent with this Report and Recommendation.

      *First*, Plaintiff has not provided a "memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as

1

many parts as there are issues . . . ." E.D.N.Y. Local Rule 7.1(a)(2). This alone would be a sufficient basis to deny the motion for default judgment. *See Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-cv-2798 (RJD) (RER), 2021 WL 3518279, at *5 (E.D.N.Y. May 4, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 2702571 (E.D.N.Y. July 1, 2021). Plaintiff must provide a memorandum showing its entitlement to default judgment with citations to any well-pleaded allegations in the complaint, and relevant caselaw, that support its position. The memorandum should also address the basis for the exercise of personal jurisdiction over the out of state defendants in this case.

*Second*, Plaintiff has not complied with the Servicemembers Civil Relief Act, which requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit . . . ." 50 U.S.C. § 3931(A). Plaintiff must provide such an affidavit with supporting facts as to Defendant Rivera. *See Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("Certification . . . of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website . . . .").

*Third*, Plaintiff provided billing records but the manner in which the records were filed as redacted renders them unreviewable for purposes of assessing reasonable fees. In some instances, for example, the records only show the words "Review" or "Analyze," and redact the remainder of the entry (*see* DE 19-2.) *See Terpin v. Pinsky*, No. 20-cv-3557 (CS) (AEK), 2022 WL 3572928, at *3 (S.D.N.Y. Aug. 19, 2022) (noting that billing records, and alike, are not protected by the attorney-client privilege unless they "reveal the motive of the client seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law."). If Plaintiff seeks recovery of attorneys' fees, then unredacted billing records must be provided, except to the extent appropriately redacted for material within the scope of attorney

2

client privilege.  If Plaintiff desires to maintain the current breadth of its assertion of privilege, Plaintiff is to provide the billing records for *in camera* review upon filing of a renewed motion.

*Fourth,* Plaintiff's counsel must provide the appropriate biographical information for *all* attorneys, paralegals, or professional support staff that appear on the billing records submitted in connection with the attorneys' fees request.  *See Desly Int'l Corp. v. Spartak*, No. 13-cv-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018) ("[A] party moving for attorneys' fees must provide the credentials—law school matriculation, practice area, and years of experience in the relevant practice area—to substantiate the requested hourly rate for each individual.").  The records submitted in support of Plaintiff's request for attorneys' fees do not comply with this requirement.  (*See e.g.,* DE 19-1.)

## CONCLUSION

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for default judgment DE [19] be denied at this time, however, with leave to renew upon properly submitted motion papers consistent with this what the undersigned identified above.  The Court notes that the deficiencies noted herein are merely exemplars and not an exhaustive list.  Plaintiff is advised and cautioned to review and comply with all of the rules applicable to the filing of default judgment motions.

## **OBJECTIONS**

A copy of this Report and Recommendation shall be served on Defendants by Plaintiff. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants via first-class mail and via email  at their last known addresses and promptly file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must

be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       December 19, 2022

                                                 **RESPECTFULLY RECOMMENDED:**

                                                 /S/ *James M. Wicks*
                                                    JAMES M. WICKS
                                             United States Magistrate Judge