UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

AGRICULTURAL LOGISTICS LLC,

                       Plaintiff,                **ORDER**
                                                                      22-CV-873 (MKB) (JMW)

                     v.

SURVIVAL TRANSPORTATION INC. and
HECTOR WENCY SEGARRA RIVERA,

                       Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Agricultural Logistics LLC commenced the above-captioned action on February 16, 2022, against Defendants Survival Transportation Inc. ("Survival") and Hector Wency Segarra Rivera, alleging that Survival violated the Carmack Amendment to the Interstate Commerce Act of 1877, 49 U.S.C. § 14706, and that Survival breached its written contract and Rivera breached its oral contract with Plaintiff in violation of state law. (Compl., Docket Entry No. 1.) Defendants failed to appear or otherwise respond to the action, and the Clerk of Court entered a notice of default against Defendants on November 15, 2022. (Clerk's Entry of Default, Docket Entry No. 18.)

       On December 9, 2022, Plaintiff moved for default judgment against Defendants, (Pl.'s Mot. for Default J., Docket Entry No. 19), and on January 12, 2024, Plaintiff filed a renewed motion for default judgment, and filed an amended renewed motion on January 17, 2024, which the Court referred to Magistrate Judge James M. Wicks for a report and recommendation.[1] (Pl.'s

---

[1] After Plaintiff filed its initial motion for default judgment, on December 14, 2022, the Court referred Plaintiff's motion to Judge Wicks for a report and recommendation. (Order Referring Mot. dated Dec. 14, 2022.) By report and recommendation dated December 19, 2022, Judge Wicks recommended that the Court deny Plaintiff's motion for default judgment without

Renewed Mot. for Default J., Docket Entry No. 29; Pl.'s Amended Renewed Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 30; Pl.'s Mem. in Supp. of Pl.'s Mot., Docket Entry No. 30-1; Order Referring Mot. dated Jan. 16, 2024.)

By report and recommendation dated August 7, 2024, Judge Wicks recommended that, if Plaintiff complies with Local Rule 55.2 by filing a proposed order of default judgment and serving it on Defendants, the Court (1) grant Plaintiff's renewed motion for default judgment and enter judgment against Survival in the amount of (i) $30,530.00 in monetary damages, plus prejudgment interest from November 19, 2021, through entry of judgment at the rate set forth in 28 U.S.C. § 1961, (ii) $20,437.10 in attorneys' fees, and (iii) $3,718.93 in costs and expenses; and (2) deny Plaintiff's renewed motion for default judgment as to Rivera, (the "August 2024 R&R"). (Aug. 2024 R&R 9 n.8, 28, 32, Docket Entry No. 32.) On August 8, 2024, Plaintiff moved to amend, correct, or supplement the August 2024 R&R and filed a proposed order of default judgment and an affidavit of service indicating that it served the proposed order on Defendants. (Pl.'s Letter Mot. to Amend/Correct/Supplement, Docket Entry No. 34; Aff. of Service, Docket Entry No. 35.) On August 9, 2024, Judge Wicks granted Plaintiff's motion to amend and recommended that Plaintiff's renewed motion for default judgment be granted in part and denied in part in accordance with the August 2024 R&R because Plaintiff is "now in full compliance with Local Rule 55.2." (Order dated Aug. 9, 2024.)

No objections to the August 2024 R&R have been filed and the time for doing so has passed.

---

prejudice because of numerous deficiencies in Plaintiff's filing (the "December 2022 R&R"). (*See* Dec. 2022 R&R 1–3, Docket Entry No. 21.) No party objected to the December 2022 R&R, and the Court adopted Judge Wicks' recommendation and denied Plaintiff's initial motion for default judgment without prejudice. (Order Adopting Dec. 2022 R&R, Docket Entry No. 23.)

I.  **Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

3

The Court has reviewed the unopposed August 2024 R&R and, finding no clear error, adopts the August 2024 R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court (1) grants Plaintiff's renewed motion for default judgment as to Survival and enters judgment in favor of Plaintiff against Survival for (i) $30,530.00 in monetary damages, plus prejudgment interest from November 19, 2021, through entry of judgment at the rate set forth in 28 U.S.C. § 1961, (ii) $20,437.10 in attorneys' fees, and (iii) $3,718.93 in costs and expenses; and (2) denies Plaintiff's renewed motion for default judgment as to Rivera.

Dated: September 9, 2024
       Brooklyn, New York

                                        SO ORDERED:

                                        ____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge